IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

| | |
|---|---|
| FRANK R. O'BRIEN, JR., et al., | No. 12-3357 |
|     Plaintiffs-Appellants, | |
| v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | |
|     Defendants-Appellees | |

_____

| | |
|---|---|
| ANNEX MEDICAL, INC., et al., | No. 13-1118 |
|     Plaintiffs-Appellants, | |
| v. | |
| KATHLEEN SEBELIUS, Secretary of Health and Human Services, et al., | |
|     Defendants-Appellees | |

_____

**MOTION TO CONSOLIDATE CASES FOR ORAL ARGUMENT**

For the following reasons, the government respectfully moves to consolidate these cases for purposes of oral argument, so that the cases are heard on the same day before the same panel. Oral argument has not been scheduled in either case. This motion is opposed.

**1.** The background to these appeals is set out in the order that was issued by a motions panel of this Court on February 1, 2013, in *Annex Medical, Inc. v. Sebelius*, No. 13-1118. (Copy attached.) The plaintiffs in these cases are for-profit

corporations and the individuals who control the companies. In both cases, the plaintiffs contend that the group health plans sponsored by the respective companies should be exempted from the federal regulatory requirement to cover Food and Drug Administration-approved contraceptives, as prescribed by a health care provider. In both cases, the plaintiffs allege (among other claims) that this contraceptive-coverage requirement violates their rights under the Religious Freedom Restoration Act ("RFRA").

The district court in *O'Brien* held that the plaintiffs fail to state a claim under RFRA. The court also rejected the plaintiffs' other claims and ordered that the complaint be dismissed. The plaintiffs appealed and sought an injunction pending appeal on the basis of their RFRA claim. A divided panel of this Court granted that motion. *See O'Brien v. HHS*, No. 12-3357 (11/28/12 order).

The district court in *Annex Medical* denied the plaintiffs' motion for a preliminary injunction, holding that the plaintiffs failed to establish a likelihood of success on the merits of their RFRA claim. The plaintiffs appealed and sought an injunction pending appeal. This Court granted that motion in light of the comparable relief issued in *O'Brien*. *See* 2/1/13 Order at 3-6. The motions panel explained that, although the *O'Brien* order is not binding precedent, "there is a significant interest in uniform treatment of comparable requests for interim relief within this circuit." *Id*. at 5. The Court therefore concluded, "consistent with the

*O'Brien* order, that the [*Annex Medical*] appellants' motion for preliminary injunction pending appeal in this case should be granted." *Id*. at 5-6.

**2.** We respectfully submit that these appeals should be consolidated for purposes of oral argument so that they are heard on the same day before the same panel. The appeals present the same legal issue: whether, under RFRA, a for-profit corporation's group health plan is entitled to exclude contraceptive-coverage that does not accord with the personal religious beliefs of the corporation's officers or controlling shareholders. Consideration by the same panel is appropriate to conserve resources and ensure consistent rulings.

We note that the Seventh Circuit has consolidated contraceptive-coverage appeals for purposes of oral argument. The motions panel that issued an injunction pending appeal in *Korte v. Sebelius*, 2012 WL 6757353 (7th Cir. Dec. 28, 2012), also issued an injunction pending appeal in *Grote v. Sebelius*, 2013 WL 362725 (7th Cir. Jan. 30, 2013), and ordered that the cases be consolidated. *See Grote*, 2013 WL 362725, *4 ("It is . . . ordered that this case is consolidated with *Korte*. Oral argument will be scheduled by separate order when briefing has been completed." (Capitalization and bold omitted.)[1]

---

[1] The government also has moved to consolidate Tenth Circuit contraceptive-coverage appeals. *See Hobby Lobby Stores, Inc. v. Sebelius*, No. 12-6294 (10th Cir.) and *Newland v. Sebelius*, No. 12-1380 (10th Cir.). That motion is pending.

3

**3.** The plaintiffs in *O'Brien* and *Annex Medical* have advised us that they oppose this motion. It is difficult to understand, however, how they could claim prejudice from an order that assigns related cases to the same panel.

                                      Respectfully submitted,

                                      MARK B. STERN
                                      (202) 514-1597

                                      /s Alisa B. Klein
                                      _____
                                      ALISA B. KLEIN
                                      (202) 514-1597
                                      alisa.klein@usdoj.gov
                                      Attorneys, Appellate Staff
                                      Civil Division
                                      U.S. Department of Justice
                                      950 Pennsylvania Ave., N.W., Room 7235
                                      Washington, D.C. 20530

February 14, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2013, I filed and served the foregoing motion on counsel of record through this Court's CM/ECF system.

/s Alisa B. Klein
_____
Alisa B. Klein

United States Court of Appeals
For the Eighth Circuit
_____

No. 13-1118
_____

Annex Medical, Inc.; Stuart Lind; Tom Janas,

*Plaintiffs - Appellants*,

v.

Kathleen Sebelius, in her official capacity as Secretary of the United States Department of Health and Human Services; Seth D. Harris, in his official capacity as acting Secretary of the United States Department of Labor[1]; Timothy F. Geithner, in his official capacity as Secretary of the United States Department of Treasury; United States Department of Health and Human Services; United States Department of Labor; United States Department of Treasury,

*Defendants - Appellees*.
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.
_____

### **ORDER**

Appellants Annex Medical, Inc. and Stuart Lind have moved for a preliminary injunction pending appeal against enforcement of certain mandatory coverage

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), acting Secretary of Labor Seth D. Harris is automatically substituted for Hilda Solis.

provisions of the Patient Protection and Affordable Care Act of 2010. In their complaint filed in the district court, the appellants challenged provisions of the statute and implementing regulations that require group health plans (with certain exemptions not applicable here) to include coverage, without cost-sharing, for "[a]ll Food and Drug Administration [(FDA)] approved contraceptive methods, sterilization procedures, and patient education counseling for all women with reproductive capacity." 77 Fed. Reg. 8725 (Feb. 15, 2012); *see* 42 U.S.C. § 300gg-13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv). They argued that the mandatory coverage provisions violated their rights under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. The district court denied a motion for a preliminary injunction, and the appellants seek a preliminary injunction pending resolution of their appeal of the district court's decision. *See* Fed. R. App. P. 8(a)(2). The appellees oppose the motion.[2]

Lind owns and operates Annex Medical, Inc., a Minnesota-based corporation that manufactures medical devices. Annex Medical has sixteen full-time and two part-time employees. According to the complaint, Lind is a devout Catholic who is steadfastly committed to biblical principles and the teachings of the Catholic Church. Lind alleges that his religious beliefs compel him to provide for the physical health of the employees at Annex Medical. To that end, Lind has provided a group health plan for Annex Medical's employees. Lind recently discovered, however, that Annex Medical's group health plan provides coverage for abortifacient drugs, sterilization, and contraception supplies and prescription medications. Lind believes that paying for a group health plan that includes such coverage is "sinful and immoral," because it requires him or the business he controls "to pay for contraception, sterilization, abortifacient drugs and related education and counseling, in violation of his sincere and deeply-held religious beliefs and teachings of the Catholic Church." Lind was

---

[2]A third plaintiff, Tom Janas, did not join the motion for preliminary injunction in the district court, and he does not join the motion on appeal.

Appellate Case: 13-1118    Page: 2    Date Filed: 02/01/2013 Entry ID: 4000624

unable to secure a plan without the objectionable coverage, because the statute and regulations require all insurers to include such coverage in all group health plans. As a result, Lind arranged to discontinue Annex Medical's group health plan, effective January 31, 2013.

Even though the Affordable Care Act does not require a business with fewer than fifty employees to provide employees with a health insurance plan, 26 U.S.C. § 4980H(c)(2)(A), Lind avers that his religion requires him to do so. Lind complains, however, that the mandate prevents him from offering a group health plan to Annex Medical employees that he can purchase without violating his religious beliefs. Lind and Annex Medical contend that the statute and regulations constitute a substantial burden on their exercise of religion, without furthering a compelling governmental interest by the least restrictive means, and thus violate their rights under RFRA, 42 U.S.C. § 2000bb-1. They seek an injunction preventing the defendants from enforcing the requirement that all group health plans must include coverage for FDA-approved contraceptive methods, sterilization procedures, and patient education counseling.

Another panel of this court considered a similar motion for preliminary injunction pending appeal in No. 12-3357, *O'Brien v. U.S. Dept. of HHS*. There, a district court denied a motion for preliminary injunction against enforcement of the same mandatory coverage provisions. *See O'Brien v. U.S. Dept. of HHS*, No. 4:12-CV-476, 2012 WL 4481208 (E.D. Mo. Sept. 28, 2012). The plaintiffs in *O'Brien*, a for-profit corporation with more than 50 employees and its managing member, complained that the statute and regulations violated their rights under RFRA. The plaintiffs argued that the law forced them to choose between violating their religious beliefs by purchasing a group health plan and paying large fines for failure to comply with the statute. In support of a motion for injunction pending appeal, the appellants in *O'Brien* argued that (1) there was a likelihood of success on the merits of their claim that the mandatory coverage provisions violated their rights under RFRA, (2)

Appellate Case: 13-1118     Page: 3     Date Filed: 02/01/2013 Entry ID: 4000624

they would suffer irreparable harm without an injunction, (3) the balance of harms weighed in their favor, and (4) granting the injunction was in the public's interest.

To demonstrate likelihood of success, the *O'Brien* appellants argued that (1) either O'Brien Industrial Holdings or Frank O'Brien, as chairman and managing member of the corporation, had standing to bring a claim under RFRA based on the application of the mandatory coverage provisions to the company, *see Korte v. Sebelius*, No. 12-3841, 2012 WL 6757353, at * 3 (7th Cir. Dec. 28, 2012); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1119-21 (9th Cir. 2009); *EEOC v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 619-20 (9th Cir. 1988), (2) the mandate imposed a substantial burden on the appellants' exercise of religion by requiring them to provide insurance coverage contrary to their religious beliefs, *see Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707 (1981); *Wisconsin v. Yoder*, 406 U.S. 205 (1972); *Sherbert v. Verner*, 374 U.S. 398 (1963); (3) the government could not demonstrate a compelling governmental interest for the mandate, because there are numerous exceptions to the mandate, *see Tyndale House Publishers, Inc. v. Sebelius*, No. 12-1635, 2012 WL 5817323, at *17-18 (D.D.C. Nov. 16, 2012); *Newland v. Sebelius*, No. 1:12-cv-1123-JLK, 2012 WL 3069154, at *7 (D. Colo. July 27, 2012); and (4) the mandate was not the least restrictive means to achieving the government's asserted interest, *see Newland*, 2012 WL 3069154, at *7-8. They requested that "the status quo, *i.e.*, their freedom to choose a health plan consistent with their religious beliefs pursuant to Missouri law, remain in place until the final disposition of their appeal." The government opposed the motion.

The *O'Brien* panel filed an order that stated in its entirety: "Appellants' motion for stay pending appeal has been considered by the court, and the motion is granted. Judge Arnold dissents." Since then, one district court in this circuit has construed the *O'Brien* order as granting the appellants' motion for preliminary injunction pending appeal. *American Pulverizer Co. v. U.S. Dept. of HHS*, No. 12-3459-CV-S-RED, slip op. at 1 (W.D. Mo. Dec. 20, 2012). On that basis, the district court in *American*

-4-

*Pulverizer* concluded that the *O'Brien* order established precedent that plaintiffs who present comparable facts are likely to succeed on the merits. *See also Sharpe Holdings, Inc. v. U.S. Dept. of HHS*, No. 2:12-CV-92-DDN, 2012 WL 6738489, at *6 (E.D. Mo. Dec. 31, 2012) (concluding that plaintiffs challenging the mandatory coverage provision of 42 U.S.C. § 300gg-13(a)(4) had shown "a reasonable likelihood of success on the merits," citing *O'Brien* and *American Pulverizer*).

The district court in this case construed the *O'Brien* order differently. After noting that the *O'Brien* appellants requested the issuance of a preliminary injunction pending appeal, the district court observed that "[i]nstead of granting the injunction, the Eighth Circuit – in a one-sentence divided motions panel opinion – issued a stay pending appeal." The district court concluded that it could not, "with a reasonable level of certainty, interpret the stay pending appeal as indicating a likelihood of success on the merits" in a comparable case.

We appreciate the district court's uncertainty about the *O'Brien* order, and we think the meaning should be clarified. Although the *O'Brien* order referred to a "motion for stay pending appeal," we interpret the panel's order as granting the only motion that was pending before the court: a motion for an injunction pending appeal. *Accord Korte*, 2012 WL 6757353, at *4 (noting that "the Eighth Circuit granted a motion for an injunction pending appeal, albeit without discussion") (citation omitted); *cf.* Fed. R. App. P. 8(a) (including both motion for stay of a district court's judgment or order and motion for an injunction under the single heading, "Motion for Stay"). To grant the pending motion, the *O'Brien* panel necessarily concluded that the appellants satisfied the prerequisites for an injunction pending appeal, including a sufficient likelihood of success on the merits and irreparable harm. While the *O'Brien* panel issued the order without discussion, and an unpublished order is not binding precedent, there is a significant interest in uniform treatment of comparable requests for interim relief within this circuit. We therefore conclude, consistent with

-5-

the *O'Brien* order, that the appellants' motion for preliminary injunction pending appeal in this case should be granted.[3]

For the foregoing reasons, the appellants' motion for a preliminary injunction pending appeal is granted. The appellees are enjoined, pending resolution of this appeal, from enforcing the mandate of 42 U.S.C. § 300gg-13(a)(4) and its implementing regulations against Lind, Annex Medical, and any health insurance issuer when offering group health insurance coverage to Annex Medical.

_____

February 1, 2013

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

_____
        /s/ Michael E. Gans

_____

[3]The appellants here and the appellants in *O'Brien* both say a requirement that they purchase group health insurance with objectionable coverage provisions constitutes a substantial burden on their exercise of religion. The nature of the "requirement," however, is different in the two cases. The *O'Brien* appellants were required by statute to purchase health insurance for employees on pain of substantial financial penalties; Lind and Annex Medical (as a smaller employer) are not required by statute to purchase insurance, but Lind alleges that his religion compels him to purchase health insurance for Annex Medical's employees. In the limited briefing on the motion for injunction pending appeal, the appellees do not urge that this distinction is material, and we conclude that further exploration of that point is best reserved for plenary review after full briefing and argument.

-6-

Appellate Case: 13-1118    Page: 6    Date Filed: 02/01/2013 Entry ID: 4000624